THE STATE, NICHOLAS VREELAND AND OTHERS, PROSE-
CUTORS, v. MAYOR, &c., OF THE TOWN OF BERGEN.

1. Where the original act incorporating a city is declared to be a public
act, a supplement to such charter will become a public act, without
any clause declaring it to be such, and will not go into operation until
the 4th day of July next after its passage, unless otherwise specially
provided.
2. An act which merely limits the time within which an action shall be
brought will not apply to a suit which is pending when such act goes
into effect, although the suit was commenced after the act was passed.
3. Where the report of commissioners making assessments for benefits for
public improvements, under the charter of a city, is declared to be
illegal, the court will set aside the assessment not only against the
prosecutors, but will annul the whole assessment, if the charter pro-
vides for a re-assessment in case the assessment is declared invalid on
*certiorari.*

On *certiorari* to remove ordinance and assessment.

Argued before DALRIMPLE, DEPUE, and VAN SYCKEL,
Justices.

For plaintiff, *I. W. Scudder.*

Contra, *J. Dixon, Jr.*

DEPUE, J. The writ removes an ordinance of the board
of councilmen of the town of Bergen, for the laying out and
opening of Rose street in the said town, and also the proceed-
ings of the commissioners under the ordinance.

The ordinance was passed on the 9th of March, 1868, and
was approved on the 11th of the same month. The assessment
map, made by the commissioners, was filed on the 5th of June,
1868, and was approved on the 20th of July, 1868. The writ
of *certiorari* was allowed on the 9th of June, 1869, and was
returnable on the 15th of the same month.

Various objections were taken to irregularities of the board

of councilmen in passing the ordinance, and of the commissioners in their proceedings. It will not be necessary to notice this class of objections. The writ was applied for too late to enable the prosecutors to avail themselves of objections, which consisted in non-compliance with the mere forms of procedure, by which their interests were in no wise prejudiced.

The report of the commissioners of the assessments for benefits is erroneous. The charter under which these proceedings were conducted required that the estimated costs of the improvement should be assessed upon the lands and real estate in proportion to the benefit received. *Acts* 1864, *p.* 416, § 30. The report does not show that the sums assessed on the several parcels of land, which were charged with this burthen, were assessed in proportion to the amount of benefit accruing to each from the public improvement. In this respect the report is defective. *State, Gleason, pros.,* v. *Town of Bergen,* 4 *Vroom* 72.

The legality of the report of the assessments was not contended for by the defendants' counsel. The reliance for the affirmance of these proceedings was upon a supplement to the defendants' charter, passed on the 2d of April, 1869, which was designed to heal certain defects in former proceedings, in relation to street improvements. *Acts* 1869, *p.* 1231.

This supplement does not contain any clause declaring when it should go into effect; nor is it declared to be a public act. The act of incorporation of the town is, by its concluding section, made a public act. Where the original act, incorporating a city or any other corporation, is declared to be a public act, the supplements to such charter will become public acts, without any clause declaring them to be such. *Hawthorn* v. *Mayor, &c., of Hoboken,* 3 *Vroom* 172; *The Stephens & Condit Trans. Co.* v. *The Central R. R. Co.,* 4 *Vroom* 229; *Bank of Utica* v. *Magher,* 18 *Johns. R.* 342.

As a public act, the supplement of 1869 was subject to that provision of the general statute which provides that a

public act shall not go into operation or be in force until the 4th day of July next after its passage, unless otherwise specially provided for in such act. *Nix. Dig.* 913, § 25.* It did not, therefore, go into operation until the 4th of July, 1869, after the allowance and return of the writ of *certiorari* in this case.

It is not intended to intimate any doubt as to the power of the legislature to validate proceedings had by municipal corporations, under their charters, even when such acts are passed pending judicial proceedings to avoid them. That question has been set at rest in this court. *The State, Walter, pros.,* v. *Town of Union,* 4 *Vroom* 350; *The State, Sharp, pros.,* v. *Apgar,* 2 *Vroom* 358. The only section of the act in question which professes to make valid and effectual in law, proceedings and assessments by the town authorities for improvements, notwithstanding irregularities therein, is the sixth section. That section merely ratifies the grades of the streets adopted and reported by commissioners appointed under an ordinance of the town, entitled "An ordinance to provide for creating and establishing a proper grade for the several streets, roads, side and cross-walks of the town of Bergen," approved September 26th, 1866, and validates the ordinances, proceedings, and assessments for improvements theretofore made, which were supposed to have been invalid by reason of the failure of the said commissioners to make their report, maps, and profiles, and perform other duties required of them within the time specified in the ordinance. The healing qualities of this section do not reach the defect in the report of assessments which is now under consideration.

The third section of this supplement provides that no *certiorari* shall be allowed or granted to set aside any assessment for any improvement in said city, after three months shall have expired from the date of the confirmation of the said assessment by the mayor and board of aldermen of said city.

The report was confirmed on the 20th of July, 1868; three

*Rev.*, p. 1122, § 13.

months from the date of such confirmation had expired before the allowance of the writ.

This section is an act of limitation of the time within which an action may be brought. The act in which it is contained did not become a law until after the allowance and return of the writ of *certiorari* in this case. An act which merely limits the time within which an action shall be brought, is not susceptible of a construction which shall make it apply to a suit pending at the time such act takes effect.

Neither of the sections referred to will aid the defendants in sustaining these proceedings.

In cases of assessments for public improvements, the court may set aside the assessment only as to the prosecutors, or annul the whole assessment. *Town of Bergen* v. *The State, Van Horn, pros.*, 3 *Vroom* 490.

The defendants' charter makes provision for a re-assessment in case the assessment is declared invalid on *certiorari*. Such re-assessment can be made only on a revision of the assessments throughout.

Let the entire assessment be vacated.

DALRIMPLE and VAN SYCKEL, Justices, concurred.

CITED in *State, Copeland, pros.*, v. *Passaic*, 5 *Vr.* 385; *State, Gobisch, pros.*, v. *North Bergen*, 8 *Vr.* 406; *State, Kohler, pros.*, v. *Guttenberg*, 9 *Vr.* 420.