[Civil No. 1018.  Filed March 27, 1908.]

[94 Pac. 1114.]

CHARLES I. CROWELL, Plaintiff and Appellant, v. TOM DAVENPORT, Administrator of the Estate of J. H. TEVIS, Defendant and Appellee.

1. STATUTORY CONSTRUCTION — NEW, RE-ENACTED OR AMENDED STATUTES—LIMITATION OF ACTIONS.—The rule for the provision of new, re-enacted or amended statutes of limitation is that, unless a contrary intent be expressed, they are to be given a prospective effect, so as to extend the period of time within which suits might be brought upon existing causes of action to the full time prescribed by such statutes, counting from the time they take effect.

2. STATUTES OF LIMITATION—CONSTRUCTION—REV. STATS. ARIZ. 1887, TITLE 44, PARS. 2297–2334, CITED—REV. STATS. 1901, TITLE 41, PARS. 2935–2974 AND 4243, CONSTRUED.—Title 41, paragraphs 2935–2974, supra, repealed and re-enacted title 44, paragraphs 2297–2334, supra, with certain changes and new provisions, taking effect September 1, 1901. Under title 44, supra, the time within which an action for debt might be brought where the indebtedness is evidenced at the time "by any contract in writing enacted within the territory" was five years, and this was shortened to four years by paragraph 2954, supra. Paragraph 2954, supra, reads as follows: "Not one of the provisions of this title shall be so construed as to revive any claim which is barred by pre-existing laws, and all claims against which limitations under said laws had commenced to run shall be barred for the lapse of time which would have barred them had those laws continued in force." Paragraph 4243, supra, reads as follows: "When a limitation or period of time prescribed for any act herein is repealed for acquiring a right or barring a remedy, or for any purpose has begun to run before this act takes effect, and the same or any limitation is prescribed for any act passed at this session of the legislature, the time which has already run shall be deemed part of the time prescribed as such limitation by any act passed at this session of the legislature." Held, under the rule that a special statute will control a general one on the same subject, and paragraph 4243, being general in character, embracing all re-enacted or amended statutes of limitation and statutes appertaining to the acquisition of rights, and paragraph 2974, applying exclusively to amendments made to the statute of limitation embraced in title 41, that a cause of action founded upon a contract in writing evidencing an indebtedness executed within the territory which had accrued prior to September 1, 1901, is controlled by the statute of limitations in force at the time the action accrued, being five years.

APPEAL from a judgment of the District Court of the Second Judicial District, in and for the County of Cochise. Fletcher M. Doan, Judge. Reversed.

The facts are stated in the opinion.

Charles Blenman, for Appellant.

The five year limitation applies to the notes which are the subject of this action, and none of the provisions of the Revised Statutes of 1901 apply to them. See Rev. Stats. Ariz. 1901, pars. 2954, 4237, 4242.

It is a well-settled rule of construction, applicable to statutes of limitation, that they will not be permitted to have retrospective application unless such was clearly the intention of the legislature, and it is submitted that nowhere in the Revised Statutes of 1901 does there appear any intention that the limitations thereby prescribed shall have a retrospective application. Wood on Limitation of Actions, 3d ed., pars. 11, 41; *City Ry. Co.* v. *Citizens' Street Ry. Co.*, 166 U. S. 557, 17 Sup. Ct. 653, 41 L. Ed. 1114; *Ohio Nat. Bank* v. *Berlin*, 26 App. D. C. 218; *Brennan* v. *Electrical Installation Co.*, 120 Ill. App. 461; *Slover* v. *Union Bank*, 115 Tenn. 347, 89 S. W. 399, 1 L. R. A., N. S., 528; *Hathaway* v. *Merchant Loan Co.*, 218 Ill. 580, 75 N. E. 1060, 4 Ann. Cas. 164. See opinion of Patterson, J., in *United States* v. *Heth*, 3 Cranch, 399, 2 L. Ed. 479 (483), and cases cited in annotations to same in 2 L. Ed. 252. This doctrine has been followed in numerous state decisions down to the present time. There is no language in the Arizona statutes of 1901 so clear for a retrospective application as to admit of no other construction. On the other hand, the language of the above-quoted paragraphs of the statutes of 1901 is so very plain and clear that the legislature intended that the limitations prescribed in such statutes were not to be construed to be applied to actions against which the prior statutes had already commenced to run.

Worsley & Drachman, for Appellee.

Admitting that statutes are not to be construed as retrospective unless so intended by the legislature, appellee contends that section 4243, Revised Statutes of 1901, fully covers the propositions involved in this case, and that the

legislature clearly intended to make said paragraph retroactive, and that it appears from said section and legislation upon this specific subject it was the intention of the legislature to make this paragraph the law in such cases as the one now under consideration. The intent of the legislature upon this subject has been construed to a certain extent by the supreme court of the territory in *Curtis* v. *Boquillas Land & Cattle Co.*, 9 Ariz. 62, 76 Pac. 612:

SLOAN, J.—Appellant brought suit in the court below against appellee as the administrator of the estate of J. H. Tevis, deceased, to recover upon two promissory notes, executed within this territory, which became due, respectively, on September 20 and October 20, 1900. The complaint was filed November 20, 1905. It alleged that Tevis, the maker of the notes, died on the twenty-ninth day of August, 1905, and that appellee was appointed administrator of his estate and qualified as such administrator on the thirteenth day of October, 1905. The appellee in bar of the action pleaded the four-year statute of limitations in force at the time the suit was brought. Upon the trial it was stipulated by the parties that all the allegations of the complaint should be admitted as true, and that the sole issue to be determined by the court should be whether the notes sued upon were barred by the provisions of paragraph 2954, Revised Statutes of 1901, in force at the time the complaint was filed. Under the issue as thus submitted, the trial court held that the notes were barred by the statute of limitations found in said paragraph 2954, and entered judgment accordingly. From this judgment this appeal was taken. Upon the record thus presented the sole question raised and argued by counsel is whether the statute of limitations in force at the time the notes matured or the statute in force at the time the suit was brought is to be applied.

The legislature of 1901, in revising the statutes, repealed title 44 (paragraphs 2247-2334), entitled "Limitations," of the Revised Statutes of 1887, and re-enacted the same, except that new provisions were added and other provisions changed. Among the changes provided by the Revised Statutes of 1901 the time within which an action for debt might be brought where the indebtedness is evidenced at the time "by any contract in writing executed within the territory" was shortened from five years to four years. Rev. Stats. 1901, par. 2954.

It follows, therefore, that, if the statute of 1901 applies, this action was barred at the time the suit was brought; on the contrary, if the former statute applies, this suit was then not barred, and the judgment of the court below is erroneous. One of the provisions contained in the statutes of limitations re-enacted by the revision of 1901 reads as follows: "No one of the provisions of this title shall be so construed as to revive any claim which is barred by pre-existing laws; and all claims against which limitation under said laws had commenced to run shall be barred by the lapse of time which would have barred them had those laws continued in force." Rev. Stats. 1901, par. 2974. The latter clause of this paragraph is a clear and unequivocal declaration that the repeal of any former statute of limitations and the re-enactment of any amended statute contained in title 44, Revised Statutes, should not affect causes of action existing at the time any such former law was repealed and such new or amended statute should take effect. If paragraph 2974 stood alone, little or no difficulty would be presented as to the intent of the legislature, but some uncertainty arises as to such intent when we consider the effect of paragraph 4243, Revised Statutes of 1901, which reads as follows: "When a limitation or period of time prescribed in any act herein repealed for acquiring a right or barring a remedy or for any purpose has begun to run before this act takes effect and the same or any limitation is prescribed in any act passed at this session of the legislature the time which has already run shall be deemed part of the time prescribed as such limitation by any act passed at this session of the legislature." The rule for the construction of new, re-enacted or amended statutes of limitation applied in some jurisdictions is that, unless a contrary intent be expressed, they are to be given a prospective effect so as to extend the period of time within which suits might be brought on existing cause of action to the full time prescribed by such statutes counting from the time they take effect. This rule in its application to new statutes of limitation has been recognized by us. *Curtis* v. *Boquillas Land & Cattle Co.,* 9 Ariz. 62, 76 Pac. 612. Doubtless the purpose of section 4243 was to limit this rule of construction to new statutes appertaining to the acquisition of rights and the barring of remedies, and to establish the general rule that as to all such re-enacted and amended statutes a retrospective effect shall be given, to the extent, at least, that as to all

such rights and remedies the time the former statutes may have run is to be counted as having run under such re-enacted or amended statutes.

Both sections under consideration are in accord in denying to amendments to statutes of limitation a wholly prospective effect. They differ seemingly as to the retrospective effect of such amendments on existing causes of action. The former leaves such causes of action to be controlled by the pre-existing statutes, and the other, if it does not directly so declare, certainly implies the contrary. The latter section is the more general in character, since its application is not restricted to statutes of limitation, strictly so called, in that it extends to and embraces statutes appertaining to the acquisition of rights, in addition to those appertaining to the barring of remedies by the lapse of time. The former section applies exclusively to those amendments which may have been made to the law on the subject of limitations of actions found in title 41 (paragraphs 2935-2974) of the Revised Statutes of 1901. The latter does not in its terms refer merely to amendments to pre-existing statutes, but also to those which may have been re-enacted by the Revision of 1901, and therefore covers all re-enacted or amended statutes appertaining to the acquisition of rights and to the barring of remedies by the lapse of time. Among the latter not included in said title 41 may be mentioned our lien statutes, and those on the subject of actions for injuries resulting in death. Therefore the former section in its relation to the latter is rather special than general, and certainly is the more explicit and certain in its meaning and intent. While, therefore, they may appear in conflict when viewed as to their application to amendments made to the general law of limitations as found in title 41, they are not in conflict when applied to those sections re-enacted but not amended, or to amendments made to other statutes affecting the acquisition of rights or the barring of remedies not found in said title 47. We may therefore give paragraph 2974 full effect, without nullifying or destroying the force and effect of paragraph 4243 in its general application. Bearing in mind the rule that a special statute will control a general statute on the same subject, we interpret the two sections to mean that any cause of action founded upon any contract in writing evidencing an indebtedness executed within this territory which had accrued prior to September 1, 1901, when said title 41 took effect, became

barred by the lapse of time provided by the statute of limitations in force at the time said cause of action accrued, and was not affected by the amendment to said statute made by paragraph 2954.

It follows, therefore, that the promissory notes sued upon were not barred at the time this action was brought, and the judgment of the court was erroneous, and is therefore reversed.

KENT, C. J., and CAMPBELL and NAVE, JJ., concur.