78 P.3d 1056

**CITY OF TUCSON, an Arizona municipal corporation, Plaintiff/Appellant,**

v.

**CLEAR CHANNEL OUTDOOR, INC., a Delaware corporation, Defendant/Appellee.**

No. 2 CA–CV 2002–0183.

Court of Appeals of Arizona.
Division 2, Department B.

Oct. 31, 2003.

**336**

Michael D. House, Tucson City Attorney by Frank William Kern, III, Tucson, Ulrich

---

& Anger, P.C. by Paul G. Ulrich, Phoenix, for Plaintiff/Appellant.

Munger Chadwick, P.L.C. by John F. Munger and Evelyn Patrick Rick, Tucson, for Defendant/Appellee.

## OPINION

ESPINOSA, Chief Judge.

¶ 1 The City of Tucson appeals a summary judgment in favor of Clear Channel Outdoor, Inc., in the City's action seeking to enforce its ordinances against nonconforming billboard structures. The City argues the trial court erred in retroactively applying the two-year statute of limitations in A.R.S. § 9–462.02(C) to bar the majority of its enforcement claims against Clear Channel for violating the City's sign and zoning codes. For the reasons set forth below, we affirm.

### Facts and Procedural History

¶ 2 On appeal, we view the facts and all reasonable inferences in the light most favorable to the City, the party against whom the summary judgment was granted. *See Walk v. Ring,* 202 Ariz. 310, 44 P.3d 990 (2002). On July 17, 2000, the City filed a complaint against Clear Channel's predecessor, Eller Media Company, alleging that 122 of Eller's billboards violated the City's sign and zoning codes.[1] A year later, the City amended its complaint, alleging violations by another fifty-one billboards. Clear Channel moved for summary judgment on the ground that the newly enacted statute of limitations, § 9–462.02(C), barred the City from pursuing violations it had discovered more than two years before filing the complaint. Section 9–462.02(C) states in part that "[a] municipality must issue a citation and file an action involving an outdoor advertising use or structure zoning or sign code violation within two years after discovering the violation." Its effective date was July 18, 2000, the day after the City filed its initial complaint. 2000 Ariz. Sess. Laws, ch. 34, § 1.[2]

---

1. The defendant billboard owner changed from Eller to Clear Channel during this litigation.

2. Because the legislature adjourned on April 18, 2000, § 9–462.02(C) and other nonemergency legislation became operative ninety days later. See Ariz. Const. art. IV, pt. 1, § 1(3).

¶ 3 The City conceded it had discovered many of the violations more than two years before filing its complaint, but argued, inter alia, that the legislature did not intend that the newly created statute of limitations apply retroactively and that § 9–462.02(C) is subject to the provisions of A.R.S. § 12–505 and case law limiting the retroactive application of statutes of limitations. In support of its arguments, the City proffered minutes of the State Senate Finance Committee hearing on the bill that became § 9–462.02(C), a lobbyist's statement, and letters from the State Senate Rules Office and Eller's chief executive officer expressly stating the bill would not have retroactive application. The trial court rejected the City's evidence and granted Clear Channel's motion on 89 of the 173 alleged violations, finding that the statute applied retroactively and barred the City's enforcement action on the violations the City had discovered more than two years before it filed its complaint. This appeal followed.

Retroactive Application of § 9–462.02(C)

¶ 4 The City first argues that the two-year limitations period in § 9–462.02(C) "must be applied prospectively to avoid an unconstitutional result" and that barring its existing claims under a newly enacted statute of limitations violates both the United States and Arizona Constitutions.[3] The City cites *Crowell v. Davenport*, 11 Ariz. 323, 94 P. 1114 (1908), *Curtis v. Boquillas Land & Cattle Co.*, 9 Ariz. 62, 76 P. 612 (1904), and other cases for the proposition that a statute that totally eliminates a cause of action existing at the time of its enactment is unconstitutional and can only operate prospectively unless the legislature specifies otherwise. Clear Channel responds that those cases are inapplicable because, unlike this case, they involved private rights that had previously vested.

¶ 5 As a general rule, a statute does not apply retroactively unless the legislature so specified, A.R.S. § 1–244, but "statutes [concerning] procedures and remedies that do not impair vested rights are exceptions." *City of Tucson v. Whiteco Metrocom, Inc.*,

194 Ariz. 390, ¶ 8, 983 P.2d 759, ¶ 8 (App. 1999); *see Wilco Aviation v. Garfield*, 123 Ariz. 360, 599 P.2d 813 (App.1979). As Clear Channel points out, cities do not have vested rights in their municipal powers "because the legislature has virtually unlimited authority over them" and " 'may grant to or take away from them such powers as it may see fit.' " *Whiteco*, 194 Ariz. 390, ¶ 9, 983 P.2d 759, ¶ 9, quoting *Udall v. Severn*, 52 Ariz. 65, 69, 79 P.2d 347, 348 (1938). Thus, the City's authority to enact and enforce zoning and sign codes is derived exclusively from the state, and, consequently, the City has no vested rights in that authority. *Whiteco*.

¶ 6 The City attempts to distinguish *Whiteco* by pointing to its holding that the statutory modification or elimination of a city's substantive zoning authority during the pendency of an enforcement action could eliminate that cause of action, noting this case involves a statute of limitations, not the repeal of substantive zoning authority. But this is a distinction without a difference. The City's zoning authority, as well as its authority to enforce its zoning ordinances, derives exclusively from the state. *Outdoor Systems, Inc. v. City of Mesa*, 169 Ariz. 301, 819 P.2d 44 (1991). As such, the legislature can modify, limit, or abolish the City's enforcement authority as it sees fit. See *Udall*.

¶ 7 In deciding whether a newly enacted statute of limitations could absolutely bar a government claim in an analogous case, the Supreme Court stated that "no constitutional question is raised by applying [the new statute] to pre-existing claims of the Government." *United States v. Lindsay*, 346 U.S. 568, 570, 74 S.Ct. 287, 288, 98 L.Ed. 300, 304 (1954). Similarly, we said in *Whiteco*, " '[A] cause of action depending solely on statute is not a vested right protected by the Constitution.' " 194 Ariz. 390, ¶ 12, 983 P.2d 759, ¶ 12, quoting *Brown Wholesale Elec. Co. v. H.S. Lastar Co.*, 152 Ariz. 90, 95, 730 P.2d 267, 272 (App.1986). Here, the City's power to enforce its zoning and sign codes derives from A.R.S. §§ 9–462.01(A), 9–462.02, and 9–462.05.[4] See Outdoor Systems (municipal zon-

---

3. The city did not reurge this argument in its reply brief or at oral argument.

4. In pertinent part, § 9–462.05(A) states, "The legislative body of a municipality has authority to

ing authority derives from state zoning enabling act, known as the Urban Environment Management Act, A.R.S. §§ 9–461 and 9–462). Accordingly, the City had no unassailable right to enforce its zoning and sign code, and the legislature could retroactively restrict or modify the City's enforcement authority. *Whiteco*; *Brown.*

### Statutory Interpretation

■ ¶ 8 The City further argues that, "when new legislation is silent on the issue of retroactive application, A.R.S. § 12–505 becomes the sole expression of legislative intent." Subsection B of that statute, which the City contends is controlling, states, "If an action is not barred by pre-existing law, the time fixed in an amendment of such law shall govern the limitation of the action." The City challenges the trial court's conclusion that the "time fixed" began on the date of discovery of the violations, asserting it instead began on the effective date of § 9–462.02(C) without the "attached conditions such as knowledge or discovery" that the statute specifies. But we assume the legislature intended that the words in a statute be given natural and obvious meanings unless otherwise stated. *State v. Jones,* 188 Ariz. 388, 937 P.2d 310 (1997). As the City acknowledged in its reply brief, "Where the language of a statute is clear on its face, as is A.R.S. § 12–505(B), it is applied according to its plain meaning." The express language of § 12–505(B) defers to the time limits in the new statute, and under a straightforward reading, the "time fixed" runs according to the terms of the new legislation, not from the time of its enactment. Thus, absent any indication in the statute's language to the contrary, the two-year limitation period prescribed in § 9–462.02(C) began on the "time fixed" in that statute—the City's discovery of the zoning or sign code violation. Had the legislature intended to provide a "window" period in § 12–505(B) during which existing

claims could be brought, as the City urged during oral argument, it could easily have done so as it expressly did in § 12–505(C).[5]

¶ 9 The City nevertheless points to language in *Rutherford v. Babcock,* 168 Ariz. 404, 406, 814 P.2d 361, 363 (App.1991), in support of its contention that existing claims cannot be summarily time barred by new legislation. In that case, Division One of this court stated, "Under Arizona law, amended statutes must be given prospective effect to extend periods of time within which claims may be brought on causes of action existing at the time the amendment takes effect." While, as noted above, that principle is indeed the general rule, *Rutherford* is not applicable for two reasons. First, the *Rutherford* court was not considering "time fixed" as used in § 12–505(B), but rather, the trial court's misinterpretation of the words "[a]n action barred by pre-existing law" in § 12–505(A) "to mean at the time the petition was filed, rather than at the time of the statutory amendment." 168 Ariz. at 406, 814 P.2d at 363 (emphasis omitted). Second, the petitioner in that case had a vested right in child support arrearages she was attempting to recover. Id. Here, as discussed earlier, the City had no vested right in seeking to enforce its zoning and sign codes.

¶ 10 The City further contends that the trial court erred in failing to consider several "critical documents that established the legislative history and evidence of legislative intent in enacting A.R.S. § 9–462.02(C)." Interpretation and application of a statute is a question of law we review de novo, primarily focusing on legislative intent. *Moore v. Browning,* 203 Ariz. 102, 50 P.3d 852 (App. 2002); *Hobson v. Mid–Century Ins. Co.,* 199 Ariz. 525, 19 P.3d 1241 (App.2001). But if a statute's language is clear, we simply apply it without reference to any tools of statutory construction, "assuming that the legislature has said what it means." *Hughes v. Jorgen-*

---

enforce any zoning ordinance enacted pursuant to this article."

5. Section 12–505(C) provides: "If an amendment of pre-existing law shortens the time of limitation fixed in the pre-existing law so that an action under pre-existing law would be barred when the amendment takes effect, such action

may be brought within one year from the time the new law takes effect, and not afterward." That subsection does not apply, however, when "an action is not barred by pre-existing law," § 12–505(B), and both the City and Clear Channel agree that § 12–505(B) is the operative provision here.

*son*, 203 Ariz. 71, ¶ 11, 50 P.3d 821, ¶ 11 (2002); *see also State v. Viramontes*, 204 Ariz. 360, 64 P.3d 188 (2003). Only when a statute is ambiguous or unclear do we consider "the statute's context, subject matter, historical background, effects, consequences, spirit, and purpose." *Hobson*, 199 Ariz. 525, ¶ 8, 19 P.3d 1241, ¶ 8.[6]

 ¶ 11 At oral argument, the City asserted, contrary to suggestions and statements in its briefs on appeal, that there is no ambiguity or lack of clarity in § 9–462.02(C) that requires resorting to rules of statutory interpretation. We agree. As discussed earlier, statutory changes in procedures or remedies may be retroactively applied to proceedings already pending except when the legislature has stated otherwise or vested rights would be impaired. As also noted, the City had no vested rights in enforcing its zoning and sign codes. See *Whiteco; Wilco Aviation*. And, if the legislature had intended the new statute of limitations to have only prospective application, it could have so specified or otherwise indicated that any preexisting claims were preserved. In the absence of any ambiguity, courts must apply the statute's language without resort to legislative intent. *See Viramontes; Hayes v. Continental Ins. Co.*, 178 Ariz. 264, 872 P.2d 668 (1994); *Chaparral Dev. v. RMED Int'l, Inc.*, 170 Ariz. 309, 823 P.2d 1317 (App.1991). Accordingly, the trial court did not err in refusing to consider the documents the City had proffered as evidence of the legislature's intent.

### Public Policy on Elimination of Nonconforming Uses

 ¶ 12 Lastly, the City advances the "judicial" policy, enunciated in *Outdoor Systems and Rotter v. Coconino County*, 169 Ariz. 269, 818 P.2d 704 (1991), that nonconforming uses should be eliminated as soon as possible, consistent with constitutional limitations. To this end, the City urges that § 9–462.02 be construed as narrowly as possible and given prospective application. Although

6. We find misplaced the City's reliance on *St. Joseph's Medical Center v. Superior Court*, 164 Ariz. 454, 793 P.2d 1121 (App.1990), for the proposition that ambiguity is not required before we can consider legislative history. Although

public policy considerations often are part of the development and evolution of the common law, "when, as here, the legislature has clearly spoken on a matter within its domain, its word constitutes public policy on that subject and controls, assuming no constitutional impediments exist." *Taylor v. Graham County Chamber of Commerce*, 201 Ariz. 184, ¶ 27, 33 P.3d 518, ¶ 27 (App.2001); *see also Ray v. Tucson Med. Ctr.*, 72 Ariz. 22, 230 P.2d 220 (1951) (declaration of public policy is primarily legislative function).

### Disposition

¶ 13 The judgment in favor of Clear Channel is affirmed. Clear Channel is entitled to fees on appeal pursuant to A.R.S. § 12–348(A), and its request for them is granted upon compliance with Rule 21(c), Ariz. R. Civ.App. P., 17B A.R.S.

PELANDER, P.J. and WILLIAM E. DRUKE, Judge (Retired), concurring.

Division One did not expressly find the legislation at issue ambiguous, that conclusion is inherent in the court's discussion. Moreover, unlike this case, St. Joseph's involved the impairment of a vested substantive right.