[Civil No. 4716. Filed March 12, 1945.]

[156 Pac. (2d) 901.]

STATE OF ARIZONA, ex rel. JOE CONWAY, Attorney General, Appellant, v. THE STATE LAND DEPARTMENT and O. C. WILLIAMS, State Land Commissioner, Appellees.

Mr. Joe Conway, Attorney General, and Mr. A. R. Lynch, Assistant Attorney General, for Appellant.

Mr. Joe Conway, Attorney General, Mr. Thomas J. Croaff, Assistant Attorney General, and Mr. M. C. Burk, for Appellees.

STANFORD, C. J.—This is an appeal from a judgment rendered in an action for a declaratory judgment to determine the rights and duties of the state land commissioner with respect to the construction of state and federal highways over school and institutional lands under the control of the state land department. The complaint was filed by the State of Arizona upon relation of the attorney general at the instance of the state highway department, in which the state prayed for a declaration of the rights of the state and the duties and responsibilities of the state land commissioner arising under the Enabling Act, the constitution, and statutes of the State of Arizona relative to the administration of state land.

The proceeding was prompted by the fact that the land commissioner had theretofore issued an order that all outstanding easements held by the state and formerly issued to the state highway department for highway purposes should be surrendered. This order

in the nature of a regulation also provided that all easements or permits theretofore issued were to be reissued at the option of the land commissioner on a lease basis under the provisions of Sections 11–1001, 11–1002 and 11–1003, Arizona Code Annotated 1939; that these new permits or easements were to be in the nature of leases to extend for the term of five years and at a fixed rental of $5 per acre per year. A further regulation was to the effect that areas from which gravel and other road-building materials were to be removed would have to be included in leases to extend for a period of two years terminable at will of the land commissioner, and required a royalty of 3¢ per yard for rock, sand and gravel.

Plaintiff further alleged (and admitted by the land commissioner):

"That to comply with these orders it will cost the State approximately $50,000 for existing rights of way and gravel pits and approximately $40,000 per annum for rentals and royalties at the present time and in continuing years, if no further rights of way are taken by the state.

"That the plaintiff cannot secure Federal Aid for highways and post roads under such a system of charges and restrictions and cannot construct non Federal Aid highways for the State over and across school and institutional State lands."

It was the position of the land commissioner in the court below:

"That the said State Land Department and the said State Land Commissioner, defendants, are not lawfully authorized to sell, lease, convey, contract with or grant to said Highway Department of the State of Arizona, any of said lands so granted and confirmed as aforesaid, or any leaseholds, timber or other products of the said land, other than in the manner and form and for the consideration and compensation fixed or ascertained in the manner aforesaid; that the defendants State Land Department and the State

Land Commissioner are not authorized to grant to said Highway Department the use of said lands for rights-of-way, permits, easements, or uses by the said Highway Department, save in the manner and form as provided in said Enabling Act, the Constitution, and Chapter 11, Article 10, Arizona Code, 1939, as amended, and upon the payment of such rental as the said State Land Commissioner shall fix under the aforesaid provisions of the law.''

The following judgment was entered by the trial court in the cause:

''Order for judgment in favor of defendant and against the plaintiff, declaring the rights of the State of Arizona to be that the State may lease State lands for highway purposes, and shall pay a rental therefor as provided in Sections 11-1001, 11-1002 and 11-1003; that said declaration of rights does not include rights of way to counties, municipalities, individuals, corporations and irrigation districts, but applies to the State and its departments only.

''It is ordered, adjudged and decreed that the State may lease State lands for highway purposes and shall pay a rental therefor as provided in Sections 11-1001, 11-1002 and 11-1003, Arizona Code 1939, and not otherwise.

''That the State may make use of the sand, rock, gravel and natural products upon said lands so leased, in the construction of State highways, and shall pay therefor rents and royalties fixed by the State Land Commissioner as provided by law.''

The question involved in this action is: Must the State of Arizona, as trustee of the lands granted under the provisions of the Enabling Act, pay to the state land commissioner the sums required under the purported authority and direction of Sections 11-1001, 11-1002 and 11-1003 where the taking and using is for highway purposes?

Section 28 of the Enabling Act, which applies in this case, is in part as follows:

'' . . . all lands hereby granted, including those which, having been heretofore granted . . . shall be

by the said state held in trust, to be disposed of · . . . only in manner as herein provided . . . , and that the natural products and money proceeds of any of said lands shall be subject to the same trusts as the lands producing the same.

"Disposition of any of said lands, . . . in any manner contrary to the provisions of this Act, shall be deemed a breach of trust.

" . . . Said lands shall not be sold or leased, in whole or in part, except to the highest and best bidder at a public auction . . . , notice of which public auction shall first have been duly given by advertisement, . . . ; nor shall any sale or contract for the sale of . . . natural products of such lands be made save . . . after the notice by publication . . . provided for sales and leases of the lands themselves.

"Every sale, lease, conveyance, or contract of . . . any of the lands . . . , or the use thereof or the natural products . . . , not made in substantial conformity with the provisions of this act shall be null and void, any provisions of the constitution or laws of the said state to the contrary notwithstanding. . . . "

Arizona, in its constitution, affirmed and adopted the provisions of the Enabling Act.

The provisions of the code, which the trial court thought to be applicable and determinative of the issues raised in the pleadings, are Sections 11–1001, 11–1002 and 11–1003, Arizona Code Annotated 1939, and in so far as applicable read as follows:

"11–1001. *Right defined.*—The state may, whenever necessary for its uses, or for the uses of any of its departments, or of a state institution, take over any state lands and the improvements thereon, by reimbursing the owners of the improvements therefor, and the department or institution so using the said lands shall lease the same and shall pay such rental as the commissioner shall fix."

Section 11–1002 refers to the "Method of procedure" and Section 11–1003 refers to "Improvements become property of state."

■ The holding of this court in the case of *Grossetta* v. *Choate,* 51 Ariz. 248, 75 Pac. (2d) 1031, substantially determines all the issues herein involved. In that case, we reviewed an order of the trial court holding that the establishment of a county highway over school land was void because the land was held in trust under the Enabling Act, and that the granting of a right-of-way thereover to a county was a violation of the Act. The judgment of the lower court was reversed, the holding being that the land department could grant a right-of-way for public highways over school land to the several counties since the Enabling Act does not limit the power of the legislature to authorize grants of right-of-way easements over public lands for public highways.

This decision was predicated on an interpretation of Section 11–601, Arizona Code Annotated 1939. This section of the code, together with the provisions contained in Sections 11–1001, 11–1002 and 11–1003, were all enacted at the same time. See Laws of 1915 (2nd S. S.). Sections 11–1001, 11–1002 and 11–1003 were in effect at the time of the opinion and judgment in the case of Grossetta v. Choate, *supra.* The holding in the Grossetta case was predicated not only on the statutory provisions of Section 11–601, but also considered the restrictions of the grant in the Enabling Act.

It is the contention of the land commissioner that this court in the Grossetta case did not pass on the question of whether such rights-of-way may be granted without compensation to the permanent fund to which he contends the lands are attached or belong.

■ In the Grossetta case we cited the case of *Ross* v. *Trustees of University of Wyoming,* 30 Wyo. 433, 222 Pac. 3, and from a very lengthy opinion rendered on petition for rehearing in that case (31 Wyo. 464, 228 Pac. 642, 647), we quote with approval a por-

tion of the opinion as applicable to the question under consideration:

"The general provisions of the congressional granting acts and our state Constitution, limiting or conditioning the sale and disposal of the lands in question, should be reasonably construed, in view of the object of the grant, and the purpose of the restrictions. They contemplate, principally, so far as the question here is concerned, the creation and maintaining of a permanent fund, which, through proper investment, shall furnish an income to be used exclusively for University purposes, and incidentally, a fair sale at an adequate price. Unless such object or purpose is found to have become substantially impaired through granting a right of way for a county or public road, neither the act of the state making the grant nor the statute authorizing it should be held a violation of the trust upon which the land is held, or of the constitutional restrictions upon its disposal. For the natural tendency of the grant, reasonably made, across such lands, under the conditions described in the original opinion, is to enhance rather than to lessen their salable or rental value."

It is true that in the Grossetta case, the court did not in terms pass on the question of whether under Section 11–1001, *supra,* easements for highways could be granted over these lands without compensation. It is evident, however, that this court in the Grossetta case had in mind the undoubted right of the state to provide for public highways, and if such highway was for a wholly public purpose, the right of the state to use such school or institutional lands for highway rights-of-way without compensation is inferred.

It is the position of the land commissioner that under the terms of Section 11–1001, the legislature has assigned him the duty of collecting rental for rights-of-way which the state, in pursuance of its sovereign right, may require or use. A cursory reading of this section might lead to this view, but when closely analyzed it is obvious that the legislature neither in

terms nor by implication intended the section to apply to rights-of-way for highway purposes.

We quote the concluding portion of the statute: "and the department or institution *so using* the said lands shall lease the same and shall pay such rental as the commissioner shall fix." The highway department is in no sense the user of the highway within the meaning of the statute. The highway is used by the public. What the section really means is that if any department of state wishes to take over any state lands for its own use, such as construction of buildings, shops, or for any other purpose for the convenience or use of the particular department, it must secure a lease and pay such rental as the commissioner shall fix. We hold, however, that Section 11–1001 has no application whatsoever to rights-of-way for highways, and therefore the commissioner has no right to require that such right-of-way shall be leased or to compel the payment of rental thereon.

We do not find anywhere in the statutes that the legislature has in terms required the state to pay a rental or royalty on the sand, rock, gravel, or natural products from these lands used in the construction of highways. Nor is there any duty imposed upon the land commissioner by the law to collect such rentals or royalties.

█ There being no issues on the facts as pleaded and admitted, we consider that this is a case which calls not merely for the reversal of the judgment below but for the entry of the judgment that should have been rendered by the trial court, by the authority granted and directed in Section 21–1832, Arizona Code Annotated 1939.

The judgment of the superior court is reversed and it is hereby ordered, adjudged and decreed that the state land department and the state land commissioner are not entitled to collect, or receive and that the State of

Arizona is not required to pay, any purchase price, rental, royalty or other charge for the taking or use of school and institutional lands or the natural products thereof for the establishment, construction, maintenance or repair of state highways.

It is further ordered, adjudged and decreed that the state land department and the state land commissioner be, and he is hereby required, to issue to the State of Arizona on proper application such permits as are expedient and necessary in enabling the state and its agency, the Arizona Highway Department and the state highway engineer to carry out its function and duties with respect to the administration of state highways within the state.

LaPRADE and MORGAN, JJ., concur.