SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| MAYER UNIFIED SCHOOL DISTRICT and GADSEN ELEMENTARY SCHOOL DISTRICT, | ) ) ) |
| | ) |
| Plaintiffs/Appellants, | ) |
| | ) |
| v. | ) |
| | ) |
| MARK WINKLEMAN, in his capacity as State Land Commissioner; THE ARIZONA STATE LAND DEPARTMENT; THE STATE OF ARIZONA; APACHE COUNTY; COCHISE COUNTY; COCONINO COUNTY; GRAHAM COUNTY; GREENLEE COUNTY; MARICOPA COUNTY; MOHAVE COUNTY; NAVAJO COUNTY; PIMA COUNTY; PINAL COUNTY; SANTA CRUZ COUNTY; YAVAPAI COUNTY; YUMA COUNTY; MARICOPA COUNTY FLOOD CONTROL DISTRICT; ARIZONA DEPARTMENT OF TRANSPORTATION; TOWN OF CAREFREE; CITY OF TUCSON; CITY OF FLAGSTAFF; TOWN OF GILA BEND; CITY OF GLENDALE; CITY OF GLOBE; MAGMA FLOOD CONTROL DISTRICT; TOWN OF MARANA; CITY OF PEORIA; CITY OF PHOENIX; CITY OF SCOTTSDALE; CITY OF SIERRA VISTA; and CITY OF TEMPE, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants/Appellees. | ) |
| _____ | ) |
| | ) |
| MAYER UNIFIED SCHOOL DISTRICT and GADSEN ELEMENTARY SCHOOL DISTRICT, | ) ) ) |
| | ) |
| Plaintiffs/Appellants/ Cross-Appellees, | ) ) |
| | ) |
| v. | ) |

Arizona Supreme Court
No. CV-08-0225-PR

Court of Appeals
Division Two
No. 2 CA-CV 07-0126

Maricopa County
Superior Court
No. CV2004-020078

**O P I N I O N**

CITY OF PEORIA and CITY OF ) 
SCOTTSDALE, )
 )
   Defendants/Appellees/ )
    Cross-Appellants. )
_____ )

Appeal from the Superior Court in Maricopa County
The Honorable Ruth Harris Hilliard, Judge

**AFFIRMED**

_____

Opinion of the Court of Appeals, Division Two
___ Ariz. ___, ___ P.3d ___ (App. 2008)
2008 WL 2128064 (May 19, 2008)

**VACATED**

_____

ARIZONA CENTER FOR LAW IN THE PUBLIC INTEREST   Phoenix
  By Timothy M. Hogan
    Joy E. Herr-Cardillo        Tucson
Attorneys for Mayer Unified School District and
Gadsen Elementary School District

TERRY GODDARD, ARIZONA ATTORNEY GENERAL    Phoenix
  By Kenneth D. Nyman, Assistant Attorney General
    William A. Richards, Assistant Attorney General
    Patrick B. Sigl, Assistant Attorney General
Attorneys for Mark Winkleman, Arizona State Land Department,
and State of Arizona

GALLAGHER & KENNEDY, P.A.          Phoenix
  By Mark A. Fuller
    Kevin E. O'Malley
    Kiersten A. Murphy
    C. Lincoln Combs
Attorneys for Arizona Department of Transportation

MOYES SELLERS & SIMS, L.T.D.        Phoenix
  By C. Brad Woodford
    Jeffrey T. Murray
    Rebecca N. Lumley
Attorneys for Town of Carefree, City of Flagstaff, Town of
Gila Bend, City of Glendale, City of Globe, Town of Marana,
City of Phoenix, City of Sierra Vista, and City of Tempe

STEPHEN M. KEMP, PEORIA CITY ATTORNEY                    Peoria
     By   Stephen M. Kemp, City Attorney
Attorneys for City of Peoria


DEBORAH W. ROBBERSON, SCOTTSDALE CITY ATTORNEY      Scottsdale
     By   Robert Bruce Washburn,
          Senior Assistant City Attorney
Attorneys for City of Scottsdale


COOPER & RUETER, L.L.P.                             Casa Grande
     By   Stephen R. Cooper
Attorneys for Magma Flood Control District


TERENCE C. HANCE, COCONINO COUNTY ATTORNEY           Flagstaff
     By   Jean E. Wilcox, Deputy County Attorney
Attorneys for Coconino County


GUST ROSENFELD, P.L.C.                                 Phoenix
     By   Richard A. Segal
          Richard B. Hood
          Craig A. McCarthy
Attorneys for Maricopa County and Flood Control
District of Maricopa County

_____

**B E R C H**, Vice Chief Justice

¶1      We have been asked to decide whether suit will lie under the Arizona-New Mexico Enabling Act for the State Land Commissioner's failure to require compensation for easements and rights of way over state trust lands conveyed between 1929 and 1967.  We hold that the claims are time-barred.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

¶2      The Arizona-New Mexico Enabling Act granted nearly ten million acres of land to the State of Arizona to be held in trust for the support of public schools.  *See* Act of June 20, 1910, ch. 310, §§ 24, 28, 36 Stat. 557, 572-74 ("Enabling Act").

The State Land Commissioner administers the school land trust. *Forest Guardians v. Wells*, 201 Ariz. 255, 257, ¶ 2, 34 P.3d 364, 366 (2001). He serves as the trustee of the land trust and must "manage the trust lands for the benefit of the trust and trust beneficiaries." *Berry v. Ariz. State Land Dep't*, 133 Ariz. 325, 327, 651 P.2d 853, 855 (1982).

¶3 Beginning in 1929, the Commissioner granted easements over some of these trust lands to various government entities, for roads and other public purposes, without requiring compensation to the school land trust.[1] This practice continued until 1967, when the United States Supreme Court ruled that the Enabling Act requires compensation to the trust for the full value of any easements or uses of trust lands. *Lassen v. Ariz. ex rel. Ariz. Highway Dep't* (*Lassen II*), 385 U.S. 458, 469 & n.22 (1967).

¶4 Between 1929 and 1967, the Department conveyed more than nine hundred such easements (the "09 easements") to government entities without receiving compensation. Many of these easements remain in effect, although the trust has never been compensated for many of them.

¶5 On June 4, 2003, counsel for Plaintiffs Mayer Unified

---

[1] For convenience, we use the term easements to encompass both easements and rights of way. These easements became known as the "09 easements" based on the Land Department's classification number.

School District and Gadsen Elementary School District (the "Districts") sent a letter to the Commissioner alleging that the school land trust had received no consideration for these easements and requesting further information regarding them. The Commissioner responded that he needed to review the easement records before answering. Discussions ensued, but the parties failed to resolve the issue. The plaintiffs then filed a complaint on October 15, 2004, more than one year after they sent the June 4th letter to the Commissioner inquiring about the status of the easements.[2] The complaint named as defendants the Land Department and its Commissioner and the State of Arizona. Twenty-eight easement holders were later joined as additional defendants.

¶6 Various defendants filed motions to dismiss on several grounds, including laches, nonjusticiability, the statute of limitations, and lack of standing. They also claimed that *Lassen II* should not apply retroactively. The superior court granted the defendants' motions to dismiss based on laches. The court of appeals reversed the superior court's laches determination, but affirmed the dismissal on the alternative ground that *Lassen II* applied prospectively only, and therefore

---

[2]   The original complaint named several parents of Arizona public school children as plaintiffs, but they were later dismissed from the action. An amended complaint, filed in January 2005, added the Districts as additional plaintiffs.

the Districts were not entitled to relief.  *Mayer Unified Sch. Dist. v. Winkleman*, ___ Ariz. ___, ___, ¶¶ 65, 77-78, ___ P.3d ___, ___, 2008 WL 2128064 (App. May 19, 2008).

**¶7**        We granted review of the issues raised in the Districts' petition for review and two issues raised in the State's cross-petition to decide questions of statewide importance.  *See* ARCAP 23(c)(3).  We have jurisdiction pursuant to Article 6, Section 5(3) of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") section 12-120.24 (2003).

## II.  DISCUSSION

### A.  Enabling Act Background

**¶8**        The Enabling Act created the school land trust and provides detailed instructions for disposing of trust lands. Enabling Act § 28.  For example, trust lands must be "appraised at their true value" and cannot be sold for less than the appraised amount.  *Id.*  Nor may the State sell or lease trust lands "except to the highest and best bidder at a public auction."  *Id.*  Disposal of any trust land in a manner not substantially conforming to the provisions of the Enabling Act constitutes "a breach of trust" that renders the disposition of trust lands "null and void."  *Id.*[3]

---

[3]    For a more detailed exploration of the history of the Enabling Act and its provisions, see *Kadish v. Arizona State Land Department*, 155 Ariz. 484, 486-88, 747 P.2d 1183, 1185-87 (1987), *aff'd sub nom. Asarco Inc. v. Kadish*, 490 U.S. 605

- 6 -

¶9        The Enabling Act's disposition provisions have been the subject of recurring litigation with respect to easements granted to public entities.  In *Grossetta v. Choate*, we were asked to decide whether the Land Department could grant easements over trust lands in the absence of specific authorization in the Enabling Act.  51 Ariz. 248, 250-51, 75 P.2d 1031, 1032 (1938).  We held that the Enabling Act did not limit the Legislature's power "to grant rights of way easements over the public lands for public highways."  *Id.* at 254, 75 P.2d at 1033.  *Grossetta*, however, did not address whether easement holders had to compensate the school land trust for the easements.

¶10       We answered that question seven years later in *State ex rel. Conway v. State Land Department*, 62 Ariz. 248, 156 P.2d 901 (1945).  *Conway* involved an order by the Commissioner requiring the State Highway Department to surrender all easements it held over trust lands.  *Id.* at 249-50, 156 P.2d at 902.  These easements would be reissued, at the Commissioner's option, as leases.  *Id.*  The Highway Department sought a declaratory judgment that the Commissioner lacked the authority to issue the order.  *Id.* at 249, 156 P.2d at 901.  We agreed and held that the Highway Department was "not required to pay . . .

---

(1989), and *Murphy v. State*, 65 Ariz. 338, 344-53, 181 P.2d 336, 340-46 (1947).

for the taking or use" of trust lands for building and maintaining state highways. *Id.* at 255-56, 156 P.2d at 904.

¶11     The compensation issue came before this Court once again in 1965. In *State ex rel. Arizona Highway Department v. Lassen* (*Lassen I*), we addressed whether the Commissioner could adopt a rule requiring compensation for public highway rights of way and material sites on trust lands. 99 Ariz. 161, 162, 407 P.2d 747, 747-48 (1965), *rev'd* 385 U.S. 458 (1967). We prohibited adoption of the rule and held that the Commissioner must grant material sites and easements to the Highway Department without requiring compensation for the public use of the trust lands. *Id.* at 168, 407 P.2d at 752.

¶12     The United States Supreme Court granted certiorari and reversed. *Lassen II*, 385 U.S. at 470. The Court held that the Highway Department must pay for the use of the trust lands, even though it was building and maintaining highways for the public's benefit. *Id.* at 466. After examining the Enabling Act's valuation and fund-usage provisions, as well as its background and legislative history, the Court concluded that Congress intended the school land trust to "derive the full benefit of the [federal land] grant." *Id.* at 466-68 (citation omitted). To further this purpose, it held that the Highway Department must "compensate the trust . . . for the full appraised value of any material sites or rights of way which it obtains on or over

- 8 -

trust lands." *Id.* at 469 (footnote omitted).

**¶13**     The Court therefore permitted the Commissioner to issue the rule requiring compensation for public highway rights of way and material sites on trust lands.  It explicitly declined, however, to decide whether compensation was owed for the more than nine hundred 09 easements that had been granted between 1929 and the date of its opinion in 1967.[4]  It is those easements for which the Districts now seek compensation.

**B.    Statute of Limitations**

**¶14**     The defendants assert that the statute of limitations bars the Districts' claims for compensation for easements granted between 1929 and 1967.  They reason that the Districts' cause of action accrued in 1967 when the Supreme Court published its opinion in *Lassen II* declaring that compensation was required for the easements.

**¶15**     The parties do not dispute that A.R.S. § 12-821 states

---

[4]     Immediately following its holding, the Supreme Court noted the following:

> We are informed by counsel that over a period of years Arizona has obtained the use of large areas of trust lands on bases that may not have accorded with those set forth in this opinion.  We wish to make it plain that we do not reach either the validity of any such transfers or the obligations of the State, if any, with respect thereto.

*Lassen II*, 385 U.S. at 469 n.22.

- 9 -

the applicable limitations period.[5]  Section 12-821 requires that actions against a government entity "be brought within one year after the cause of action accrues and not afterward."  A.R.S. § 12-821 (2003) (current version of statute).  "[A] cause of action accrues when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition which caused or contributed to the damage."  *Id.* § 12-821.01(B).  The Districts filed their complaint on October 15, 2004.  Therefore, the complaint is not timely unless the Districts' cause of action accrued after October 15, 2003.

## C.   When the Districts' Cause of Action Accrued

**¶16**      The Districts' cause of action stems from the uncompensated conveyance of easements over trust lands between

---

[5]    We assume, therefore, that § 12-821 applies.  We note, however, that the current version of that section was first enacted in 1994.  *See* 1994 Ariz. Sess. Laws, ch. 162, § 1 (2d Reg. Sess.).  But limitations statutes with similar provisions were in effect at all times relevant to this action, alleviating any harm in applying the terms of § 12-821.  *See, e.g.*, A.R.S. § 12-821 (1992) (repealed 1993) (twelve month statute of limitations for claims against a public entity); § 12-550 (1956) (four year general limitations period when no limitation is otherwise prescribed).  In any event, once the new limitations statute became effective, the Districts had at most one year thereafter to bring their claims.  *See* A.R.S. § 12-505(B) (2003); *see also City of Tucson v. Clear Channel Outdoor, Inc.*, 209 Ariz. 544, 554, ¶ 42, 105 P.3d 1163, 1173 (2005).  Finally, the Districts have not questioned the applicability of the statute of limitations to them.  *Cf. Tucson Unified Sch. Dist. v. Owens-Corning Fiberglas Corp.*, 174 Ariz. 336, 337, 849 P.2d 790, 791 (1993) (exempting school district from limitations period).

1929 and 1967. Because this Court had held that no compensation was owed for the 09 easements, however, the Districts had no reason between 1929 and 1967 to know that the school trust had been damaged. *See Lassen I*, 99 Ariz. at 166, 168, 407 P.2d at 750, 752; *Conway*, 62 Ariz. at 255-56, 156 P.2d at 904.[6]

¶17    But the Districts should reasonably have known that compensation for the easements was required and had not been paid by January 10, 1967, when the Supreme Court issued its opinion in *Lassen II*, 385 U.S. 458, which held that government entities that acquire trust lands, even for uses that benefit the public, must compensate the school trust. *Id.* at 468-69. Our opinions in *Grossetta*, 51 Ariz. at 254, 75 P.2d at 1033, *Conway*, 62 Ariz. at 251, 255-56, 156 P.2d at 902, 904, and *Lassen I*, 99 Ariz. at 168, 407 P.2d at 752, should have alerted the Districts that the Commissioner had granted easements to public entities without requiring compensation to the school trust between 1929 and 1965. These opinions put all trust

---

[6]    Indeed, in *Lassen I*, we suggested that the highways built on the easements *enhanced* the value of the trust lands:

> Certainly, if the highways had not been established the values of these lands would have been much less. Nor does [the Commissioner] state whether the values estimated are those when the easements were first granted or as of the present time, after the values have been enhanced by the building of a highway system throughout this state.

99 Ariz. at 166, 407 P.2d at 750.

beneficiaries, including the Districts, on notice that unpaid-for easements existed.

¶18     The Supreme Court confirmed the existence of such easements in *Lassen II*, 385 U.S. at 469 n.22. Although *Lassen II* required the Highway Department to compensate the trust for future easements granted over trust lands, the Court refrained from deciding whether compensation was required for the 09 easements. *Id.* Thus, the *Lassen II* opinion placed the Districts on notice of past acquisitions of trust lands for which compensation might be owed but had not been paid. The repeated references by both this Court and the United States Supreme Court to the existence of easements conveyed without compensation lead us to conclude that reasonable persons either knew or should have known of such easements at the time of the *Lassen II* decision. The Districts' cause of action thus accrued at that time.[7]

¶19     The Districts maintain that their claim should nonetheless not be barred because the Commissioner, as the

---

[7]     Although we conclude that the cause of action accrued in 1967, it is indisputable that the Districts had actual notice of the 09 easements, and of the Commissioner's failure to obtain compensation for them, by June 2003, when the Districts' counsel sent a letter to the Commissioner stating his understanding that "none of the 985 [09] easements and rights of way issued by the Department to governmental and public entities were made in exchange for any financial consideration." Therefore, at the very latest, the Districts' cause of action accrued on June 4, 2003, more than one year before a complaint was filed.

trustee of the school land trust, has an ongoing duty to remedy violations of the Enabling Act. The Commissioner's failure to obtain compensation for the use of the easements constitutes a continuing violation that renders the statute of limitations inapplicable, the Districts assert, because a new claim arises each moment that the Commissioner fails to obtain value for the easements.

¶20     We disagree. We find persuasive the opinion in *Mitchell v. United States*, 13 Cl. Ct. 474 (1987). In that case, the court considered a similar "continuing violation" claim in the context of a trustee's duty to obtain adequate compensation for the use of trust lands. *Id.* at 478. There, the Bureau of Indian Affairs (the "BIA") served as the statutory trustee of a trust that benefited allottees of the Quinault Indian Reservation. *Id.* at 476. The allottees alleged that the BIA "collected inadequate fees from the logging companies for the private use of roads crossing the allottees' lands." *Id.* Like the Districts here, the allottees did not file suit within the statutory limitations period. *Id.* at 478-79. In an attempt to revive their time-barred claim, the allottees argued that even if they had constructive notice of the inadequate compensation claim, the statute of limitations should not preclude the claim because the trustee had a continuing duty to collect adequate compensation from the logging companies as timber was

transported over rights of way on the allottees' lands. *Id.* at 479. The court rejected the allottees' continuing violation theory, reasoning that "the duty to secure compensation for a right-of-way arises only once – at the time the right-of-way is granted." *Id.* at 480. We agree that the violation here also occurred once, when the 09 easements were granted, even though the cause of action did not accrue until 1967.

¶21 Because the Districts filed their complaint more than one year after their cause of action accrued, we hold that their claims are time-barred.

### III. CONCLUSION

¶22 For the foregoing reasons, we vacate the opinion of the court of appeals and affirm the judgment of the superior court.

_____
                    Rebecca White Berch, Vice Chief Justice


CONCURRING:


_____
Ruth V. McGregor, Chief Justice


_____
Michael D. Ryan, Justice


_____
W. Scott Bales, Justice

**H U R W I T Z**, Justice, concurring in part and concurring in the result

¶**23** The majority concludes that the Districts' cause of action accrued when the Supreme Court of the United States decided *Lassen v. Ariz. ex rel. Ariz. Highway Dep't (Lassen II)*, 385 U.S. 458 (1967). I do not doubt that the relevant statute of limitations expired years before this suit was filed. But I do not believe that we need to decide today that a "reasonable person" would have received constructive notice of potential claims on the very day *Lassen II* was decided from a footnote in that opinion. As the Court notes, by June 4, 2003, the Districts' counsel had *actual knowledge* of the facts underlying their claims. Op. ¶ 18 n.8. Because this suit was filed more than a year later, I find it unnecessary to rely on a constructive notice fiction to set a precise earlier date of accrual. I therefore concur in ¶¶ 1-16 and 19-22 of the majority opinion and in the result.

_____
Andrew D. Hurwitz, Justice

- 15 -