814 P.2d 361

**In re the Marriage of Susan Kay (Babcock) RUTHERFORD, Petitioner–Appellant,**

**v.**

**David Randall BABCOCK, Respondent–Appellee.**

No. 1 CA–CV 89–618.

Court of Appeals of Arizona, Division 1, Department C.

July 18, 1991.

Arda S. Rutherford, Dewey, and Sears & Goodman, P.C. by Mark N. Goodman, Prescott, for petitioner-appellant.

Clayton R. Hamblen, Mesa, for respondent-appellee.

OPINION

TAYLOR, Judge.

Susan Kay (Babcock) Rutherford (the mother) appeals from the trial court's dis-

---

missal of her petition for order to show cause seeking payment of back child support. Because we find that the trial court erred in applying a two-year statute of limitations to the mother's claim, we reverse and remand for further proceedings.

## FACTS

The marriage of appellant and appellee David Randall Babcock (the father) was ended by decree of dissolution on August 14, 1980. The mother received custody of the couple's two children. The father was awarded visitation rights and ordered to pay child support of $300.00 per month.

The parental relationship between the father and the two children, as well as the duty to pay child support, was terminated by court order on February 23, 1987, when the children were nine and eleven years old. On February 27, 1989, the mother filed a petition for order to show cause seeking a judgment for back child support in the amount of $23,412.00 and interest. The court ruled that the father owed the amount claimed as of the date of parental severance, but that the mother's claim was barred by the statute of limitations. The mother's motion for reconsideration was denied and she timely appealed. The mother also seeks attorneys' fees and sanctions.

## DISCUSSION

This case presents an issue of statutory interpretation. Issues of statutory interpretation are questions of law for the reviewing court. *Sandblom v. Corbin*, 125 Ariz. 178, 182, 608 P.2d 317, 321 (App. 1980). Because the applicable statute of limitation was amended in 1985, we must determine whether the trial court erred in applying the pre–1985 statute in this case.

The statute of limitations for enforcement of child support is set forth as A.R.S. § 12–2453. Prior to the 1983 amendment, the statute required enforcement within two years of the termination of the duty to support:

The right of a parent ... to receive child support payments as provided in the court order vests periodically. Such an

order is continuing from the date of entry and is not barred from enforcement until two years after the duty to support the child terminates ...

A.R.S. § 12–2453(C), Laws 1977, ch. 40, § 2, Amended by Laws, 1979, ch. 99, § 3.

In dismissing the mother's petition, the trial court applied this pre–1985 version of the statute, stating that it was "the Statute of Limitations in effect when the Decree of Dissolution was granted" in 1980. The father's duty to support terminated on February 23, 1987. The mother's petition for enforcement was filed on February 27, 1989. The court found that the petition was brought more than two years after termination of the duty to support and was barred by the pre–1985 statute.

In an effort to expand the right to collect child support arrearages, the legislature amended A.R.S. § 12–2453 in 1983 to allow enforcement of back child support within three years after the emancipation of the youngest of the children who are the subject of the support order. The statute as amended does not limit this extended right of enforcement even if the duty to support is terminated prior to the emancipation of the youngest child. As amended, A.R.S. § 12–2453 provides in relevant part:

. . . . .

(C) The right of a parent, guardian ... to receive child support payments as provided in the court order vests periodically. Such an order is continuing from the date of entry and is *not barred from enforcement except as provided in subsection D of this section.*

(D) Any of those parties listed in subsection D of this section may file an action *within three years after the emancipation of the youngest of all of the children who were the subject of the court order.* In such a proceeding there is no bar to the establishment of a money judgment for all of the unpaid child support arrearages for the entire minority of the children.... [Emphasis added.]

In applying the pre–1983 version of the statute, the trial court relied upon A.R.S. § 12–505. This statute provides in relevant part:

(A) An action *barred by pre-existing law* is not revived by amendment of such law enlarging the time in which such action may be commenced.

(B) If an action is *not barred by pre-existing law,* the time fixed in an amendment of such law shall govern the limitation of the action. [Emphasis added.]

 The trial court mistakenly applied subsection (A) of this statute to the present case. The trial judge interpreted the phrase "barred by pre-existing law" to mean *at the time the petition was filed,* rather than *at the time of the statutory amendment.* The trial court reasoned that at the time the petition for back support was filed, the claim was barred by the pre-existing two-year statute of limitations because it was brought more than two years after the termination of the duty to support. Applying subsection (A) of § 505, the action would not be revived by the new amendment enlarging the time for bringing an action.

Under Arizona law, amended statutes must be given prospective effect to extend periods of time within which claims may be brought on causes of action existing at the time the amendment takes effect. *Zuck v. State,* 159 Ariz. 37, 41, 764 P.2d 772, 776 (App.1988); *Crowell v. Davenport,* 11 Ariz. 323, 326, 94 P. 1114, 1115 (1908). At the time § 12–2354 was amended in 1985, the mother had an enforceable right to seek payment of child support arrearages under the pre-existing statute because the father's duty of support was not yet terminated. Therefore, the mother's claim was not barred at the time of amendment. The record suggests that the children in this case were unemancipated minors at the time the mother's petition was initiated. It would appear that, even though the father's duty to support was terminated in 1987, the mother had the right to pursue child support arrearages any time until three years after the younger of the two children was emancipated. We therefore conclude that the trial court erred in determining that the mother's claim was barred by the statute of limitations.

## CONCLUSION

We reverse the trial court's dismissal of the mother's petition and grant the mother's request for fees and costs at the trial level and on appeal. We remand to the trial court for proceedings consistent with this opinion.

EHRLICH, P.J., and FIDEL, J., concur.