IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

THE STATE OF ARIZONA, ex rel. THE )     2 CA-CV 2009-0124
DEPARTMENT OF ECONOMIC )     DEPARTMENT A
SECURITY, )
    )     O P I N I O N
               Petitioner/Appellant, )
    )
               v. )
    )
GILBERT MUNOZ, JR., )
    )
               Respondent/Appellee. )
    )

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. SP20010170

Honorable Margaret L. Maxwell, Judge Pro Tempore

REVERSED IN PART

Terry Goddard, Arizona Attorney General
  By Kathryn E. Harris                                              Mesa
                                          Attorneys for Petitioner/Appellant

K E L L Y, Judge.

¶1        In this paternity and child-support action, the state appeals from the trial court's ruling barring recovery of certain child-support arrearages from appellee Gilbert Munoz, Jr. It argues the trial court erred in applying former A.R.S. § 25-503(H). Specifically, the state maintains it was not required to obtain a written judgment on the

arrearages within three years of the youngest child's emancipation. We agree and reverse the trial court's judgment as to the state.

## Background

¶2        The facts are undisputed. Anita Guzman is the mother of two children, born in 1985 and 1987. Because Guzman had received financial assistance from the state to help provide for the children, the state, along with Guzman, brought this action in 2001 to establish paternity and obtain a child-support order. Munoz stipulated to paternity, and the trial court ordered him to pay $120 per month in support. About a month later, the court increased Munoz's obligation to $373 per month. It also found that Munoz owed "past care and support" for the period from February 1998 to March 2001 and entered judgment against him for $3,900.

¶3        In February 2009 Munoz petitioned to modify the support, arguing the children were age nineteen or older and his income was insufficient to pay $373 per month. The state asserted that "there [we]re still child support arrears due and owing on th[e] case." It calculated that, as of that date, Munoz owed a total of $12,464.55 in child support arrearages and $6,929.73 in interest. After a hearing in May, the trial court reduced Munoz's monthly payment to $300, noting that Munoz no longer had a current child-support obligation but owed past-due support. Sua sponte the court questioned whether the amounts in arrears that had not been reduced to a written judgment were still enforceable under former A.R.S. § 25-503(H).

¶4        After briefing, the trial court noted that, under former § 25-503(H), either the state or the mother was required to request a written judgment on any arrearages

2

within three years of a child's emancipation. Both children had turned eighteen by 2005 and had thus been emancipated under § 25-503(O)(2) more than three years before the hearing. The court therefore concluded that the time for reducing any outstanding amounts to a written judgment had expired in February 2008. This appeal followed.

**Discussion**

**¶5** First, we note Munoz has not filed an answering brief on appeal. We could regard this failure as a confession of error. *See* Ariz. R. Civ. App. P. 15(c). In our discretion, however, we decline to do so here. *See Nydam v. Crawford*, 181 Ariz. 101, 101, 887 P.2d 631, 631 (App. 1994).

**¶6** In the sole issue on appeal, the state argues the trial court erred in determining that the three-year limitation in former § 25-503(H) defeated its claims for arrearages in view of the legislature's amendment removing the limitation effective September 21, 2006. We review this question of statutory interpretation de novo. *See Guerra v. Bejarano*, 212 Ariz. 442, ¶ 6, 133 P.3d 752, 753 (App. 2007). Former § 25-503(H) provided:

> The right of a party entitled to receive support or the department to receive child support payments as provided in the court order vests as each installment falls due. Each vested child support installment is enforceable as a final judgment by operation of law. Unless it is reduced to a written money judgment, an unpaid child support judgment that became a judgment by operation of law expires three years after the emancipation of the last remaining unemancipated child who was included in the court order. Beginning on January 1, 2000, child support orders, including modified orders, must notify the parties of this expiration date. The filing of a request for a written money judgment before the end of that period preserves the right to judgment

3

until the court grants a judgment or the court denies the request.

2006 Ariz. Sess. Laws, ch. 209, § 1.  In *State ex rel. Department of Economic Security v. Hayden*, 210 Ariz. 522, ¶ 14, 115 P.3d 116, 120 (2005), our supreme court interpreted § 25-503(H) to mean that "child support obligations not timely reduced to a written judgment" were terminated.

¶7          Subsequently, the legislature amended subsection H by removing the provision that a judgment by operation of law expired three years after emancipation of the youngest child.  2006 Ariz. Sess. Laws, ch. 209, § 1.  The amendment, in which subsection H also became subsection I, took effect on September 21, 2006.  *See* Ariz. Const. art. IV, pt. 1, § 1(3).  The state argues, as it did below, that § 25-503(I), as amended, controls in this case and allows it to collect the arrearages Munoz owes.  We agree.

¶8          Section 12-505, A.R.S., provides:

> A.  An action barred by pre-existing law is not revived by amendment of such law enlarging the time in which such action may be commenced.
>
> B.  If an action is not barred by pre-existing law, the time fixed in an amendment of such law shall govern the limitation of the action.
>
> C.  If an amendment of pre-existing law shortens the time of limitation fixed in the pre-existing law so that an action under pre-existing law would be barred when the amendment takes effect, such action may be brought within one year from the time the new law takes effect, and not afterward.

4

¶9        Our supreme court has explained the proper interpretation of and interplay among these three subsections.

> The most logical reading of § 12-505 is one that makes it applicable to the entire universe of unfiled claims allegedly affected by new or amended statutes of limitation. Subsection A provides that claims under which the time to file had already passed under the old statute remain barred. Subsection B provides that the new statute generally applies to all other claims, but an express qualification to the general rule is set forth in subsection C. If a claim would have been timely filed under the old law but not the new, under subsection C the plaintiff has one year from the effective date of the new law to file suit.

*City of Tucson v. Clear Channel Outdoor, Inc.*, 209 Ariz. 544, ¶ 42, 105 P.3d 1163, 1173 (2005).

¶10        As the state points out, another department of this court applied this statute in the child-support-enforcement context in *Rutherford v. Babcock*, 168 Ariz. 404, 814 P.2d 361 (App. 1991). In that case, the parties' marriage was dissolved in 1980, "[t]he father's duty to support terminated on February 23, 1987," and the mother petitioned for enforcement on February 27, 1989. *Id.* at 405, 814 P.2d at 362. Former A.R.S. § 12-2453, the child-support-enforcement statute in effect at the time, had been amended in 1983 to extend the time for enforcement from two years to three. *See* 1983 Ariz. Sess. Laws, ch. 263, § 2. "The trial judge interpreted the phrase 'barred by pre-existing law' [§ 12-505(B)] to mean *at the time the petition was filed*, rather than *at the time of the statutory amendment*," and applied the two-year limitation. *Id.* at 406, 814 P.2d at 363. On appeal, the court explained this approach was incorrect and the relevant inquiry was whether the case was barred by the law existing before the amendment. *Id.* Because the

5

mother in *Rutherford* had an enforceable right to collect arrearages at the time the statute was amended, the new statute of limitations applied. *Id.*

¶11 Likewise, in this case, when § 25-503 was amended in 2006, the three-year period provided in the pre-amendment version of the statute had not yet expired. Thus, nothing in the existing law barred the action to collect arrearages from Munoz. *See* § 12-505(B). The amendment eliminated the three-year limitation, which therefore does not bind Guzman and the state.

¶12 In reaching a contrary conclusion, the trial court cited *State ex rel. Department of Economic Security v. Schramm*, No. 1 CA-CV 06-0460 (memorandum decision filed Nov. 6, 2007), issued by another department of this court. The trial court relied on the *Schramm* court's statement, "If no written judgment has issued, however, any judgment that became enforceable by operation of law expires 'at the end of that three-year period.'" *Id.*, *quoting Hayden*, 210 Ariz. 522, ¶ 1, 115 P.3d at 117. The trial court concluded that, because *Schramm* had been decided after the 2006 amendment, "*Hayden* has not been overruled."

¶13 The trial court erred in relying on *Schramm*. First, a memorandum decision may not be regarded as precedent. *See* Ariz. R. Civ. App. P. 28(c) (with two exceptions not relevant here, "[m]emorandum decisions shall not be regarded as precedent nor cited in any court"). Second, the question presented here was not before the court in *Schramm*. *See Schramm*, No. 1 CA-CV 06-0460. Finally, the youngest child in *Schramm* had turned eighteen in September 1999, and the three-year period provided in former § 25-503(H) had expired in 2002, before the statute was amended. *Schramm*, No. 1 CA-CV

6

06-0460, ¶¶ 2, 8.  The amended statute did not revive the action because the former three-year limitation period had passed.  Thus, the trial court here erred in ruling that the three-year limitation period prevented enforcement of outstanding child support which had not already been reduced to judgment.

**Disposition**

¶14      We conclude § 25-503(I) does not bar the state from collecting from Munoz any arrearages not reduced to judgment by February 17, 2008, and we reverse the trial court's judgment as to the state.

_____
VIRGINIA C. KELLY, Judge

CONCURRING:


_____
JOSEPH W. HOWARD, Chief Judge



_____
PHILIP G. ESPINOSA, Presiding Judge

7