NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ACARTA, LLC, *Plaintiff/Appellee,*

*v.*

DANE R. PARTRIDGE, *Defendant/Appellant.*

No. 1 CA-CV 14-0467
FILED 9-15-2015

Appeal from the Superior Court in Coconino County
No. S0300CV201300641
The Honorable Jacqueline Hatch, Judge

**AFFIRMED**

COUNSEL

Law Offices of James R. Vaughan, Scottsdale
By Brian K. Partridge
*Counsel for Plaintiff/Appellee*

Dane R. Partridge, Page
*Defendant/Appellant*

**MEMORANDUM DECISION**

Judge Andrew W. Gould delivered the decision of the Court, in which
Presiding Judge Donn Kessler and Judge Patricia K. Norris joined.

**G O U L D**, Judge:

¶1 Dane Partridge appeals from the trial court's grant of summary judgment in favor of Acarta, LLC. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 Partridge opened a credit card account with Chase Bank in August 1995 (account 9677). In July 2002, Partridge opened a second account with Chase Bank (account 0140). Partridge defaulted on both accounts in 2009. Chase Bank subsequently charged off the principal balances for both accounts; $13,926.45 for account 0140, and $23,436.23 for account 9677.

¶3 In early 2011, Chase Bank sold the debts for both accounts to Sherman Originator III, LLC. On December 20, 2011, Sherman Originator III, LLC assigned its interest in the debts to Sherman Originator LLC, who then assigned its interests to LVNV Funding LLC. On the same day, LVNV Funding LLC assigned the debts back to Sherman Originator III, LLC who assigned the debts to Jackson Capital. Finally, Jackson Capital assigned the debts to Acarta.

¶4 On October 15, 2013, Acarta filed a complaint against Partridge seeking judgment in the amount of the principal balances for the subject accounts. Acarta did not seek any contractual interest, but did request attorneys' fees based on Partridge's original contracts with Chase Bank and Arizona Revised Statutes ("A.R.S.") section 12-341.01. Partridge made a general denial as to all of Acarta's allegations.

¶5 Acarta filed a motion for summary judgment. In support of the motion, Acarta submitted the affidavit of Victor Gilgan, its manager and custodian of records. In his affidavit, Gilgan avowed that Partridge's accounts had been sold and assigned to Acarta; he also attached copies of the assignments and bills of sale showing the transfer of ownership to Acarta. Gilgan also attached the monthly statements for Partridge's accounts, as well as a statement listing the current unpaid principal balance for each account.[1]

¶6 Partridge opposed the motion arguing that Acarta's claims were barred by the statute of limitations. Partridge also challenged the

---

[1] These records did not include the original credit card agreements between Chase Bank and Partridge.

authenticity and sufficiency of the documents Acarta produced in support of its claims. Partridge did not submit a controverting affidavit.

¶7            The trial court granted Acarta's motion for summary judgment.[2] The court concluded that Acarta's claims were not time-barred, and that Gilgan's affidavit and its attached documents proved that Partridge owed Acarta the principal amounts for the subject credit card debts. Partridge timely appealed.

## DISCUSSION

I.      Standard of Review

¶8            We review a grant of summary judgment de novo to determine "whether there are any genuine issues of material fact and whether the trial court erred in applying the law." *Wells Fargo Bank, N.A. v. Allen*, 231 Ariz. 209, 213, ¶ 14 (App. 2012). In our review, "we view the facts in the light most favorable to the non-moving party." *Id.*

II.     Statute of Limitations

¶9            Partridge argues the court improperly granted summary judgment because Acarta's claims were time-barred. The parties agree that Acarta's claims accrued on May 5, 2009 for account 9677, and June 9, 2009 for account 0140. Partridge contends the debts were either oral debts or open accounts subject to the three-year statute of limitations set forth in A.R.S. § 12-543. Thus, according to Partridge, when Acarta filed its lawsuit on October 13, 2013, the statute of limitations had expired. We disagree.

¶10           Acarta's claims are governed by the six-year statute of limitations set forth in A.R.S. § 12-548, not the three-year statute of limitations listed in A.R.S. § 12-543. Indeed, on July 21, 2011, A.R.S. § 12-548 was expressly amended to include actions based on credit card debt.

¶11           Partridge argues, however, that when § 12-548 was amended, Acarta's claims were already barred by the three-year statute of limitations in A.R.S. § 12-543. As a result, Partridge asserts the amendment of A.R.S. § 12-548 did not revive Acarta's claim, because it was barred by "pre-existing law." *See* A.R.S. § 12-505 (stating that an "action barred by pre-

---

2        In addition to the unpaid principal balances for the accounts, the court awarded Acarta attorneys' fees based on A.R.S. § 12-341.01(A); the award was not based on the credit card agreements.

existing law is not revived by amendment of such law enlarging the time in which such action may be commenced").

¶12 Partridge's reasoning is incorrect. "Under Arizona law, amended statutes must be given prospective effect to extend periods of time within which claims may be brought on causes of action existing at the time the amendment takes effect." *Rutherford v. Babcock*, 168 Ariz. 404, 406 (App. 1991). Thus, the phrase "action barred by pre-existing law" in A.R.S. § 12-505 has been interpreted to mean an action that is time-barred "*at the time of the statutory amendment.*" *Id.* Here, at the time § 12-548 was amended, Acarta's claims were not barred by either the six-year or the three-year statute of limitations. As a result, the six-year time limit in § 12-548 governs the claims.

¶13 Accordingly, Acarta's claims were not time barred, because Acarta filed its complaint on October 8, 2013, which was within the applicable six-year statute of limitations period.

III. Evidentiary Basis for Summary Judgment

¶14 Partridge argues the trial court erred by considering the exhibits attached to Gilgan's affidavit because they were inadmissible hearsay and not properly authenticated. He also argues Gilgan's affidavit contains inaccuracies and was based on inadmissible hearsay. [3]

¶15 The trial court has broad discretion in determining the admissibility of evidence in summary judgment proceedings; we "deferentially review[] the evidentiary rulings of the trial court and affirm[] unless [we] find[] clear abuse of discretion or legal error, and prejudice." *Mohave Elec. Co-op., Inc. v. Byers*, 189 Ariz. 292, 301 (App. 1997). "An affidavit used to support or oppose a motion [for summary judgment] shall be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Ariz. R. Civ. P. 56(e).

¶16 Hearsay is inadmissible unless some exception to the hearsay rule applies. Ariz. R. Evid. 802. One exception to the hearsay rule is the

---

[3] Partridge also points out that Acarta did not produce a signed credit card agreement between Partridge and Chase Bank as evidence of the debts. Acarta was not required to do so; the evidence Chase Bank extended credit on Partridge's behalf and Partridge's use of and partial payments on those cards provides "convincing proof that the contract[ual relationship] exists." *Owens v. M.E. Schepp Ltd.*, 218 Ariz. 222, 226, ¶ 16 (2008).

business records exception. Ariz. R. Evid. 803(6). The business records exception requires that "either the custodian of records or 'other qualified witness' testify that the record was made 1) contemporaneously, or nearly so, with the underlying event; 2) 'by, or from information transmitted by, a person with first-hand knowledge acquired in the course of a regularly conducted business activity;' 3) completely in the course of that activity; and 4) as a regular practice for that activity." *State v. McCurdy*, 216 Ariz. 567, 571-72, ¶ 9 (App. 2007); Ariz. R. Evid. 803(6). Documents that satisfy the business records exception are also considered self-authenticating. Ariz. R. Evid. 902(11).

**¶17** The "adoptive business records doctrine" provides that documents may be admitted as business records "where an organization incorporated the records of another entity into its own, relied upon those records in its day-to-day operations, and where there are other strong indicia of reliability." *Air Land Forwarders, Inc. v. U.S.*, 172 F.3d 1338, 1344 (Fed. Cir. 1999); *State v. Parker*, 231 Ariz. 391, 401-02, ¶ 33 (2013) (stating that documents are admissible as adoptive business records when a business "regularly relies on the information that third parties submit as part of their ordinary course of business".)

**¶18** The Gilgan affidavit satisfies the elements of the adoptive business record exception. The affidavit properly sets forth the basis for Gilgan's personal knowledge and his competence to testify. Gilgan avows that he serves as Acarta's manager and custodian of its records, and he is familiar with Acarta's "practices and procedures" for keeping and maintaining records "in the ordinary course of business."

**¶19** Based on his personal knowledge, Gilgan also avows that Chase Bank, as a federally regulated bank, kept digital records of Partridge's accounts based on information transmitted (1) "by or from a person with firsthand knowledge of the events and transactions," and (2) the information was recorded "at or about the time of the events and transactions" listed in the records. Gilgan states that it is the customary practice of Acarta to buy debts that have accrued on credit cards issued by federally regulated banks such as Chase Bank, and that Acarta incorporated Partridge's records into the business records it maintains. Further, Gilgan avows that Acarta relies on the records it purchased from Chase Bank "in the regular course of its business."

**¶20** Based on the statements contained in Gilgan's affidavit, we conclude that Partridge's monthly credit card statements, electronic detailed statement of accounts, and bills of sale qualify as business records.

**¶21**　　　　Moreover, when considered in conjunction with Gilgan's avowals in his affidavit, the monthly statements and account records prove that Acarta is entitled to judgment on Partridge's credit card debts. Pursuant to A.R.S. § 44-7804, the amount of Partridge's debt can be established through these billing statements. The monthly account statements show that Partridge owed Chase Bank $13,926.45 and $23,436.23 for charges made pursuant to his credit card agreement with the bank.

**¶22**　　　　The evidence also shows that Acarta was validly assigned Partridge's debts. The trail of assignments shows that Acarta was assigned all rights to collect Partridge's debts for accounts ending in 0140 and 9677. Each bill of sale evidencing a transfer of ownership references the electronic records identifying the specific debts being assigned. In addition, Gilgan avows that the electronic statements concerning Partridge's accounts were transferred with each of the assignments and bills of sale attached to the affidavit.

**¶23**　　　　Finally, we note that Partridge did not oppose or address Gilgan's affidavit with his own controverting affidavit. Specifically, Partridge did not file an affidavit stating that he does not owe the subject debts, or contesting the amounts of the debts. *See* Ariz. R. Civ. P. 56(e) (party opposing summary judgment must do so with affidavits and specific facts setting forth a genuine fact dispute); *GM Dev. Corp. v. Cmty. Am. Mortg. Corp.*, 165 Ariz. 1, 5 (App. 1990) (opposing party's failure to present facts controverting the moving party's affidavits permits the trial court to accept facts alleged by moving party as true).

**CONCLUSION**

**¶24** For the reasons above, we affirm the trial court's grant of summary judgment in favor of Acarta.[4] As the successful party, Acarta is entitled to an award of its costs and reasonable attorneys' fees upon compliance with ARCAP 21. A.R.S. §§ 12-341, 12-341.01.



Ruth A. Willingham · Clerk of the Court
FILED: ama

---

[4] Acarta asks this court to direct the trial court to amend the judgment to include the community property of Partridge and his wife. We need not reach this issue because Acarta did not file a cross-appeal and the record fails to reflect service on Partridge's wife. *See A M Leasing Ltd. v. Baker*, 163 Ariz. 194, 195-96 (App. 1989) (stating that a party who does not cross-appeal cannot seek to enlarge its rights under the judgment).