NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

JENNIFER MARINELLO, *Petitioner/Appellant*,

*v.*

TERRANCE GLOVER, *Respondent/Appellee*.

STATE OF ARIZONA, ex rel., DEPARTMENT OF
ECONOMIC SECURITY, *Intervenor/Appellee*.

No. 1 CA-CV 16-0726 FC
FILED 2-8-2018

Appeal from the Superior Court in Maricopa County
No. FC2006-050241
The Honorable Suzanne E. Cohen, Judge

**AFFIRMED**

COUNSEL

Katz & Bloom, PLC, Phoenix
By Norman M. Katz
*Counsel for Petitioner/Appellant*

Best Law Firm PLLC, Phoenix
By Robert Hendricks, Stephen Vincent, David P. Uffens
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Jennifer M. Perkins joined.

---

**T H O M P S O N**, Judge:

**¶1**        Jennifer Marinello (mother) appeals (1) the judgment against her and in favor of Terrance Glover (father) for an overpayment of child support, (2) the denial of her motion for new trial, and (3) the award of $800 in attorneys' fees to father. For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**[1]

**¶2**        The parties were married in Georgia in March 1992 and divorced in Massachusetts in January 2001. Pursuant to the judgment of divorce, father was required to pay $1625, plus 10% of any bonuses he received, per month, in child support, along with an additional 10% of those same bonuses toward an educational fund for the parties' son.  The parties later moved to Arizona. In September 2006, they entered into an agreement to reduce father's child support obligation to $696 per month effective May 2006. *See* Ariz. R. Fam. Law P. 69. After the State appeared in the case, *see* Ariz. Rev. Stat. (A.R.S.) § 25-509 (2017), father moved to modify the Massachusetts judgment to reflect the parties' agreement.[2] The family court granted the motion, finding that the parties agreed to reduce father's child support obligation effective May 2006.

**¶3**        Mother appealed, and we held the family court did not have subject matter jurisdiction to modify a Massachusetts child support order that was not registered in Arizona. *Glover*, 231 Ariz. at 7, ¶ 22; *see generally* A.R.S. § 25-1201 (2017) *et seq.* (Arizona's Uniform Interstate Family Support

---

[1] The underlying facts and procedural history are more fully set forth in our decisions in *Glover v. Glover*, 231 Ariz. 1 (App. 2012) and *Marinello v. Glover*, 1 CA-CV 14-0456, 2015 WL 4504172 (Ariz. App. July 23, 2015) (mem. decision).

[2] We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

Act). We dismissed the appeal and instructed the court to vacate the modification order. *Glover,* 231 Ariz. at 7, ¶ 23.

¶4          Thereafter, in October 2013, the family court confirmed father's registration of the Massachusetts judgment. In May 2014, following an evidentiary hearing on the issue of child support arrearages, the court determined mother was bound to the stipulated child support modification retroactive to May 2006, notwithstanding our determination in *Glover* that the court lacked jurisdiction to grant modification of the out of state judgment at the time of its entry.[3]

¶5          Mother appealed, and we affirmed. *Marinello,* 2015 WL 4504172, at *6, ¶ 18. We concluded the family court did not: (i) abuse its discretion in finding the parties reached an agreement in 2006 to modify child support or (ii) err in determining mother waived any claim to arrearages (*i.e.,* the prospective difference between the Massachusetts-ordered child support of $1625 and the $696 father paid from May 2006 forward) by failing to timely act. *Id.* at *1, n.3 ¶ 6; *2, ¶ 8; *6, ¶ 18.

¶6          In the meantime, the family court referred the matter of pre-May 2006 arrearages to the Family Court Conference Center for a new arrearage calculation. *See Marinello,* 2015 WL 4504172, at *1, n.3 ¶ 6 (explaining the pre-May 2006 arrearages were referred for a new calculation and were not addressed on appeal).

¶7          In August 2015, the State filed a calculation showing $25,804 in pre-May 2006 arrearages and a net child support overpayment of $12,821.65. Father objected and moved for entry of judgment against mother for an overpayment of child support in the amount of $32,623.15.[4]

¶8          Following a status conference in April 2016, the family court ordered that "motions regarding the issues of child support arrears and bonuses shall be filed on or before June 1, 2016." On June 1, mother filed a response to father's motion for entry of judgment, arguing the post-May 2006 overpayment should be calculated based upon $1625 per month, per the Massachusetts judgment, not $696 per month. Mother also argued the State's calculation of pre-May 2006 arrearages was incorrect because it did

---

[3] In May 2014, the family court ordered father to pay $409 to mother for child support effective July 2014.

[4] Father's calculation of arrearages through April 2006 was based on $6,002.50 (an amount mother claimed was in arrears in February 2006).

not factor in father's total child support obligation (*i.e.,* the base per-month payment *and* 10% of father's bonuses and his contributions to the child's educational fund) and interest on missing and/or late payments.

**¶9**         Subsequently, the family court ruled that mother was not entitled to child support under the Massachusetts judgment post-May 2006 and ordered that $696 per month be used to calculate arrears as of May 2006. After further briefing, the court entered a judgment against mother and in favor of father for an overpayment of child support in the amount of $12,821.65. Regarding pre-May 2006 arrears, the court concluded that mother would be held to her August 2010 Affidavit of Direct Pay and the State's calculation of $25,804 in arrearages through April 2006:

> As discussed in its May 1, 2006 minute entry Mother contacted the State to try to get past child support. Mother provided an Affidavit of Direct Pay claiming that through August 30, 2010 Father had paid $96,388 towards child support. (This was filed April 26, 2012). The Department of Economic Security then calculated an arrears amount of $25,804 through April 30, 2006 (exhibit 36 from the March 17, 2014 hearing). Mother was told by Department of Economic Security that if she disagreed with the arrears balance she could request a recalculation (Exhibit 12, March 17, 2014 hearing). There has been no evidence presented that Mother requested a recalculation.

> THE COURT FINDS that the legal theories of waiver and estoppel are applicable. Mother did voluntarily and intentionally [abandon] a known right. Mother also engaged in conduct that reasonably induced Father to believe his obligation ended and that he acted in justifiable reliance which then caused injury.

> THE COURT FINDS that Mother shall be held to her Affidavit of Direct Payment and the subsequent recalculation of arrears.

> THE COURT THEREFORE FINDS Father's bonuses for that time period are irrelevant. (Parentheticals in original).

**¶10**         Thereafter, the family court awarded father $800 in attorneys' fees relating to mother's "unreasonable" request for duplicate copies of father's bonus information. The court denied mother's timely motion for a

new trial, *see* Ariz. R. Fam. Law P. 83, and mother appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(2)(a), (5)(a).

**DISCUSSION**

I.   **Judgment for Child Support Overpayments**

**¶11**          The family court may enter a judgment for reimbursement against an obligation for support payments made in excess of the amount ordered "if the court finds that the obligor's obligation to pay support has terminated and that all arrearages and interest on arrearages have been satisfied."[5] A.R.S. § 25-527(B) (2017). We review de novo questions of statutory interpretation, *State ex rel. Dep't of Econ. Sec. v. Munoz*, 223 Ariz. 434, 436, ¶ 6 (App. 2010), but we review for an abuse of discretion the court's decision to allow reimbursement for an overpayment of child support. A.R.S. § 25-527(B). "The court abuses its discretion if it makes an error of law or the record does not provide substantial support for its decision." *MM&A Prods., LLC v. Yavapai-Apache Nation*, 234 Ariz. 60, 66, ¶ 18 (App. 2014). We view the evidence in the light most favorable to sustaining the court's rulings and will affirm the judgment if reasonable evidence supports it. *Boyle v. Boyle*, 231 Ariz. 63, 65, ¶ 8 (App. 2012).

A.   **Post-May 2006**

**¶12**          Mother argues the family court improperly allowed a retroactive modification of child support when it calculated an overpayment based on $696 per month effective May 2006, rather than $1625 per month as set forth within the Massachusetts judgment. *See State ex rel. Dep't of Econ. Sec. v. Dodd*, 181 Ariz. 183, 185 (App. 1994) (stating the family court may not retroactively modify a child support award). We disagree. The amount of child support owed by father between May 2006 and June 2014 was settled in *Marinello* and is law of the case throughout these proceedings. *See Ziegler v. Super. Ct.*, 134 Ariz. 390, 393 (App. 1982). Although mother draws a distinction between *her* claim for arrearages above $696 per month and *father's* claim for overpayments above $696 per

---

[5] Mother argues the family court erred by failing to specifically find that "all arrearages and interest on arrearages have been satisfied." However, she cites no authority requiring specific findings under A.R.S. § 25-527(B), nor have we found any. *Cf. Hart v. Hart*, 220 Ariz. 183, 187, ¶ 16 (App. 2009) (comparing the requirement that a best-interests finding be specified on the record according to A.R.S. § 25-403(B) and the lack of such a requirement in A.R.S. §§ 25-410(B) and (current) 25-411(J)).

month, she offers no persuasive explanation why the facts and law vis-à-vis these claims are not "substantially the same." *See Copper Hills Enters., Ltd. v. Ariz. Dep't of Rev.*, 214 Ariz. 386, 390-91, ¶ 15 (App. 2007); *see also Marinello,* 2015 WL 4504172, at *1, n.3 ¶ 6 (holding that child support was modified post-May 2006 "to a flat $696" without regard to the other elements of support).

### B.    Pre-May 2006

¶13        Mother argues the family court erred by finding she waived a claim for pre-May 2006 arrearages above $25,804. *See* A.R.S. § 25-527(B). We disagree.

¶14        A custodial parent may waive his/her right to collect child support arrearages. *Ray v. Mangum*, 163 Ariz. 329, 332 (1989). "Waiver is either the express, voluntary, intentional relinquishment of a known right or such conduct as warrants an inference of such an intentional relinquishment." *Jones v. Cochise Cty.*, 218 Ariz. 372, 379, ¶ 22 (App. 2008) (quoting *Am. Cont'l Life Ins. Co. v. Ranier Constr. Co.,* 125 Ariz. 53, 55 (1980)). To establish a waiver of child support, the facts must demonstrate waiver by "clear and compelling evidence." *Ray,* 163 Ariz. at 332 (citing *Cordova v. Lucero,* 129 Ariz. 184, 187 (App. 1981)). "The level of evidence necessary to establish waiver includes a waiver in writing or the custodial parent's admission that he or she intended to waive child support arrearages." *Schnepp v. State ex rel. Dep't of Econ. Sec.,* 183 Ariz. 24, 28 (App. 1995).

¶15        The record is clear that mother waived pre-May 2006 arrearages calculated in accordance with the child support obligation set forth in the Massachusetts judgment (*i.e.,* the base per-month payment and 10% of father's bonuses and his contributions to the child's educational fund).[6] As father argues, mother's August 2010 Affidavit of Direct Pay was a statement in writing "regarding arrears owed in 2006."  Mother could have asked the State to recalculate the pre-May 2006 arrearages, but she did not.

¶16        To this end, mother urges she was denied due process because she could not have known her acceptance of the State's calculation, which accounted for the base per-month payments mother received, would mean she intended to waive a claim to the bonus-related elements of child support.  On this basis, she argues the family court erred by denying her

---

[6] Father does not dispute his pre-May 2006 child support obligation was broader than the base per-month payment.

motion for new trial and request for an evidentiary hearing to determine the total amount of child support owed (plus interest) prior to granting father a judgment for an overpayment. We will not disturb the court's decision whether to grant a new trial absent a clear abuse of discretion. *Pullen v. Pullen*, 223 Ariz. 293, 296, ¶ 10 (App. 2009); *Kent v. Carter-Kent,* 235 Ariz. 309, 312, ¶ 13 (App. 2014).

**¶17** Due process requires notice and the right to be heard in a meaningful time and manner. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *Emmett McLoughlin Realty, Inc. v. Pima Cty.*, 212 Ariz. 351, 355, ¶ 17 (App. 2006). The procedures required to ensure due process are not static, but rather depend upon the demands of a particular situation. *Mathews,* 424 U.S. at 334. In this case, mother clearly had notice and an opportunity to be heard at the March 2014 evidentiary hearing on the issue of child support arrearages. *See Curtis v. Richardson,* 212 Ariz. 308, 312, ¶ 16 (App. 2006) ("Due process also entitles a party to offer evidence and confront adverse witnesses."). Further, she had the opportunity to file a motion "on the issues of child support arrears and bonuses," but she did not do so.[7] Mother does not explain what other process was due, nor can we discern any. Thus, we find no error.

**II.        Attorneys' Fees**

**¶18** Mother argues the family court erred by awarding father $800 in attorneys' fees arising from her challenge to disclosures regarding bonuses he earned between 1999 and 2001 (while employed by Molecular, Inc.) and 2002 through 2004 (while employed by TSYS, Inc.).

**¶19** The family court has broad discretion to determine whether evidence has been properly disclosed. *Solimeno v. Yonan*, 224 Ariz. 74, 77, ¶ 9 (App. 2010) (discussing disclosure obligations). "Trial judges are better able than appellate courts to decide if a disclosure violation has occurred in the context of a given case and the practical effect of any non-disclosure." *Id.*; *cf. Roberts v. City of Phoenix*, 225 Ariz. 112, 121–22, ¶ 34 (App. 2010) (stating the appellate court will not disturb the trial court's decision to award attorneys' fees as a sanction for discovery violations absent a clear

---

[7] Mother explains that she did not file a motion because she was not seeking affirmative relief, but the record belies this explanation. Mother's principal argument was that father was in arrears on his child support obligation. In that regard, in her pretrial statement filed before the March 2014 evidentiary hearing, mother requested a judgment in her favor for $95,032.28 in child support arrearages.

abuse of discretion). We review an order addressing sanctions for an abuse of discretion. *Seidman v. Seidman*, 222 Ariz. 408, 411, ¶ 18 (App. 2009). Ultimately, sanctions should reflect the additional expenses caused by the sanctionable conduct. *Cf. Taliaferro v. Taliaferro*, 188 Ariz. 333, 341 (App. 1996) (discussing sanctions imposed under Arizona Rules of Civil Procedure).

**¶20** In her pretrial statement, mother requested only the years of 2004 through 2013 be factored into the calculation of child support arrears. "The pretrial statement controls the subsequent course of the litigation." *Leathers v. Leathers*, 216 Ariz. 374, 378, ¶ 19 (App. 2007) (quoting *Carlton v. Emhardt*, 138 Ariz. 353, 355 (App. 1983)). On this basis, the family court was well within its discretion in concluding mother's challenge to father's pre-2004 disclosures was unreasonable. We find no error.

## CONCLUSION

**¶21** For the foregoing reasons, we affirm. In our discretion, we deny the parties' requests for an award of attorney's fees on appeal. *See* A.R.S. § 25-324 (2017). We award costs to father as the successful party, upon compliance with Arizona Rule of Civil Appellate Procedure 21.

